IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BE&K BUILDING GROUP, LLC, ) | CASE NO. 1:20 CV 638 |
| ) | |
|    Plaintiff/Counterclaim Defendant, ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | |
| ) | MEMORANDUM ORDER |
| EVERGREEN NATIONAL INDEMNITY ) | AND OPINION |
| COMPANY, ) | |
| ) | |
|    Defendant/Counterclaim Plaintiff. ) | |
| ) | |
| – AND – ) | |
| ) | |
| EVERGREEN NATIONAL INDEMNITY ) | |
| COMPANY, ) | |
| ) | |
|    Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COCOA BEACH PLUMBING, INC., *et al.*, ) | |
| ) | |
|    Third-Party Defendants. ) | |

This case is before the Court on Defendant/Third-Party Plaintiff Evergreen National Indemnity Company's Motion to Transfer Venue to the United States District Court for the District of South Carolina. (ECF #10). Plaintiff, BE & K Building Group, LLC ("BE&K")

filed a brief in opposition, and Defendant, Evergreen National Indemnity Company ("Evergreen") filed a Reply in Support of its motion. (ECF #19, 20). None of the Third-Party Defendants have filed responses either supporting or opposing the motion to transfer. For the reasons set forth below, the Court finds that the Defendant, has not met its burden of showing that the considered factors weigh strongly in favor of transfer. The Defendant's Motion is, therefore, denied.

**Factual and Procedural Background**

Plaintiff BE&K brought this action against Evergreen seeking to enforce a Performance Bond issued in connection with a construction project in South Carolina. BE&K was the general contractor on a construction project for a Residence Inn/Spring Hill Suites Hotel built in Greenville, South Carolina. Cocoa Beach was a plumbing subcontractor for the project. BE&K claims that Cocoa Beach defaulted on its contract causing it damages and triggering Evergreen's liability under the Performance Bond. Evergreen filed a counterclaim against BE&K for fraud and rescission, and seeks a declaratory judgment that the Performance Bond is null and void. Evergreen also filed a Third-Party Complaint against Cocoa Beach, Advanced Beach Holding Company ("Advanced"), Leaning Pines Campground, LLC ("Leaning Pines"), Douglas A. Green, Sheryl A. Green, and OFC Services, LLC ("OFC") for indemnification.

The Performance Bond,, attached to the Complaint as Exhibit B, is in the amount of $2,168,197.00. It lists Evergreen as Surety, Cocoa Beach Plumbing, Inc. ("Cocoa Beach") as the Principal, and BE&K as the Obligee. The Third-Party Complaint attaches an indemnification agreement between Evergreen and Cocoa Beach, Advanced, Leaning Pines, Douglas and Sheryl Green. The Indemnification Agreement states that it shall be governed by the laws of the State of

Ohio, and that the state courts of Cuyahoga County, Ohio (or, if there is exclusive federal jurisdiction, the United States District Court for the Northern District of Ohio) shall have exclusive jurisdiction and venue over any dispute arising out the agreement. (ECF #8-2).

Evergreen is an Ohio corporation with its principal place of business in Ohio. It is registered with the Ohio Department of Insurance. Cocoa Beach has a listed address in Cocoa Beach FL. BE&K is a limited liability company organized and existing under the laws of Delaware with its principal place of business in South Carolina. All of the Third-Party Defendants, except for OFC either are residents of, or have their principal place of business in Florida. OFC is a limited liability company organized under the laws of South Carolina.

### Applicable Law

Chapter 28 of the United States Code, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This provision was intended "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain Co. V. Barge F.B.L.-585,* 364 U.S. 19, 27 (1960). Under this provision, a district court has broad discretion to grant or deny a motion to transfer, so long as jurisdiction is proper in either court. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)(citing *Cote v. Wadel*, 796, F.2d 981, 985 (7th Cir. 1986). There is no dispute that this action could have been properly brought in either this district or in district of South Carolina, therefore, the Court must exercise its best discretion in deciding whether to grant the transfer.

The Sixth Circuit has outlined several factors that a district court should consider when

deciding whether or not a transfer under 28 U.S.C. § 1404(a) is warranted, including the private interests of the parties and other public-interest concerns. *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). These public and private interests include the plaintiff's choice of forum, location of necessary documents and other sources of proof, convenience of the parties and witnesses, the existence of forum selection clauses, possibility of prejudice in either forum, and various practical problems associated with trying the case expeditiously and as inexpensively as possible. *See, USA v. Cinemark USA, Inc.*, 66 F. Supp.2d 881, 887 (N.D. Ohio 1999)(citing *West American Ins. Co. v. Potts*, 1990 U.S. App. LEXIS 12513, 1990 WL 104034, at *2(6th Cir. July 25, 1990)); *Viron Intern Corp. V. David Boland, Inc.*, 237 F.Supp. 2d 812, 816 (W.D. Mich. 2002). In order to warrant transfer, the balance of all relevant factors must weigh strongly in favor of transfer, and the burden is upon the party requesting the transfer to prove that this is so. *See, e.g., Jeffrey Mining Prods. v. Left Fork Mining Co.*, 992 F. Supp. 937, 938 (N.D. Ohio 1997); *Picker Int'l, Inc. V. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).

A plaintiff's choice of forum is to be given substantial weight in determining whether a transfer is warranted. *Nicol v. Koscinski*, 199 F.2d 537, 537 (6th Cir. 1951); *USA v. Cinemark*, 66 F. Supp. 2d 881, 887 (N.D. Ohio 1999). Plaintiff chose to file his case in Ohio, and that decision shall be given significant weight in this analysis. Evergreen's primary argument for moving this case to South Carolina is that it believes one of the Third-Party Defendants it has added to the case may not be subject to jurisdiction in Ohio. "Evergreen prefers to litigate this matter in South Carolina because other necessary parties are located in South Carolina or South Carolina courts have personal jurisdiction over those parties." (ECF #10, PageID #175). The

only party Evergreen believes is arguably not subject to jurisdiction in Ohio is OFC. Evergreen has filed a Third-Party claim against OFC for indemnification in the event it is found liable to BE&K under the Payment Bond. Evergreen has not shown, however, that OFC is a necessary party to the original lawsuit filed by BE&K. A defendant should not be allowed to defeat a plaintiff's choice of venue merely by adding a third-party complaint against a party who is not subject to the court's jurisdiction.[1] If found liable, Evergreen could seek indemnity in a separate lawsuit against OFC in a venue that is appropriate for those parties.

The other interests that must be considered also fail to sway the balance in favor of transfer. Neither side has demonstrated any real possibility of prejudice, and the practical aspects of trying the case expeditiously and as inexpensively as possible can be adequately addressed by this Court. The convenience of the parties also fails to sway the decision in either direction. This case presents a unique circumstance wherein the Plaintiff, who is based in South Carolina has expressed a preference for litigating in Ohio, while the Defendant, who is Ohio based, has expressed a preference for litigating in South Carolina. This Court is hard pressed to determine that allowing this case to proceed in Ohio should be considered an inconvenience to the Ohio party, or vice versa. Therefore, the convenience of the parties is, as best, a wash. Further, neither side has provided any information to suggest that either Ohio or South Carolina has a significantly higher interest in, or ability to manage this litigation. Ohio law is likely to apply to the contractual issues, and in so far as compliance with South Carolina statutes may affect the execution of those contracts, they may be tangentially relevant. Ohio has as much of an interest

---

[1] Even compulsory counterclaims are not required to be brought if it requires the addition of another party over whom the court cannot acquire jurisdiction. Fed. R. Civ. P. 13(a)(1)(B).

in enforcing it citizens' contracts and protecting them from fraud, as South Carolina does in ensuring that contracts related to construction in its state are fairly enforced.

BE&K argues that this case is based on a contract that was drafted by people in Ohio, and would be paid from Ohio. Therefore, the witnesses and relevant evidence will be primarily based in Ohio. Evergreen counters that the execution of the contract is completely dependent on the actions and omissions that occurred at the construction site in South Carolina. It, therefore, argues that the convenience and cost-effectiveness of obtaining witness testimony weighs in favor of a venue in South Carolina. The parties represented during the case management conference that the evidence in this case is primarily document based, and there will be few depositions. The construction on the underlying project is complete so most evidence of any alleged default, as well as evidence of any misrepresentations, will be contained in pre-recorded documentation of the construction and licensing process.

Each party claims that the most important witnesses in the case reside or work in their state of choice. Though the parties disagree as to the relative importance of the Ohio based witnesses and the South Carolina based witnesses, they both acknowledge that witnesses will be called from each of these states and most likely from other states as well. Therefore, there does not appear any clear indication that changing venue to South Carolina will result in a significant reduction of the cost or inconvenience to witnesses during discovery and/or trial preparation. It appears that no matter where trial may be held in this case, some witnesses will be inconvenienced. There is, however, no evidence, that any witnesses would be precluded from testifying in either location. Because this factor appears to be neutral, or at the very most to weigh slightly in favor of the Defendants, it does not outbalance the Plaintiff's choice of forum

under these circumstances. As with the witnesses, it is undisputed that documentary evidence relating to the case is present in Ohio and South Carolina and possibly in other states as well. As each party is seeking venue in the state that would usually be considered the least convenient to them, any difficulty in obtaining needed discovery from out of state would only weigh against their own position on this matter.

## Conclusion

As Evergreen has not met its burden of showing that the factors in favor of a transfer of venue in this case strongly outweigh the factors in favor of maintaining the current forum, Plaintiff's choice of venue must be given deference. For the reasons set forth above, Defendant's Motion is DENIED. IT IS SO ORDERED.

_____
Donald C. Nugent
Senior United States District Judge

Date: June 16, 2020