## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BE&K BUILDING GROUP, LLC, | ) | Case No. 1:20-cv-0638 |
| | ) | |
| Plaintiff/Counterclaim | ) | Judge J. Philip Calabrese |
| Defendant, | ) | |
| | ) | Magistrate Judge Thomas M. Parker |
| v. | ) | |
| | ) | |
| EVERGREEN NATIONAL | ) | |
| INDEMNITY CO., | ) | |
| | ) | |
| Defendant/Third-Party | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COCOA BEACH PLUMBING, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Third-Party Plaintiff Evergreen National Indemnity Co. moves for summary judgment against Third-Party Defendants Douglas and Sheryl Green and for default judgment for damages against Third-Party Defendants Cocoa Beach Plumbing, Inc., Advanced Beach Holding Company, LLC, Leaning Pines Campground, LLC, and OFC Services, LLC (collectively, the "Third-Party Entities"). (ECF No. 56.) For the reasons that follow, the Court **GRANTS** Evergreen's motion.

## BACKGROUND

This lawsuit arises from the construction of a hotel in South Carolina. (ECF No. 1, ¶ 1, PageID #1.) Plaintiff BE&K Building Group, LLC served as the

construction manager and hired Third-Party Defendant Cocoa Beach Plumbing as a subcontractor to install the hotel's plumbing.  (*Id.*)  Douglas and Sheryl Green own Cocoa Beach Plumbing. To ensure the plumbing work was properly and timely completed, Cocoa Beach Plumbing obtained both a payment bond and a performance bond from Evergreen National Indemnity (*Id.*, ¶ 2; ECF No. 1-2; ECF No. 1-3.)  As consideration for those bonds, Cocoa Beach Plumbing entered into a general indemnity agreement with Evergreen, which Mr. and Mrs. Green signed as individual indemnitors and Advanced Beach Holding Company and Leaning Pines Campground (which Mr. and Mrs. Green also own) signed as corporate/partnership indemnitors. (ECF No. 56-1, PageID #675–76.)

Cocoa Beach Plumbing ultimately failed to fulfill its obligations under the subcontract, and BE&K terminated the subcontract for cause.  (ECF No. 1, ¶ 4, PageID #2.)  As a result, several of Cocoa Beach Plumbing's vendors and suppliers asserted claims against Evergreen under the payment bond, which Evergreen paid. (ECF No. 56, PageID #624–25.)  BE&K likewise submitted a claim to Evergreen under the performance bond for $1.64 million. (ECF No. 1, ¶ 58 & 59, PageID #10.) BE&K and Evergreen initially disputed whether BE&K was entitled to recover $1.64 million under the performance bond, and in March 2020 BE&K sued Evergreen.  (*Id.*) Evergreen counterclaimed against BE&K and sued Mr. and Mrs. Green and the Third-Party Entities.  (ECF No. 8.)  BE&K and Evergreen eventually settled and dismissed their respective claims and counterclaims, effectively terminating BE&K from the lawsuit and leaving only the third-party claims.  (ECF No. 54.)

Notably, for present purposes, after Evergreen filed its third-party complaint, it timely served each Third-Party Defendant.  (ECF No. 53.)  But only Mr. and Mrs. Green timely answered.  The Court struck the Third-Party Entities' pleadings for failure to plead through counsel (ECF No. 45), and on November 16, 2020, the clerk entered default against Cocoa Beach Plumbing, Advanced Beach Holding Company, Leaning Pines Campground, and OFC Services.  (ECF No. 47.)  On Evergreen's motion, the Court ordered default judgment against the Third-Party Entities, finding them liable to indemnify Evergreen.  (ECF No. 53.)  The Court did not enter a default judgment regarding damages.

Evergreen now moves for summary judgement against Mr. and Mrs. Green arguing that they are liable as indemnitors under the general indemnity agreement for $1,701,168.52—$401,168.52 for the amount it paid to Cocoa Beach Plumbing's vendors and suppliers under the payment bond; and the $1,300,000 it paid to BE&K pursuant to the performance bond.  (ECF No. 56, PageID #624–25.)  Evergreen also seeks an award of damages against the Third-Party Entities for the same amount given that they are owned by the Greens.  (ECF No. 56.)  The motion is unopposed.

## ANALYSIS

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the Court must view evidence in the light most favorable to the non-moving party. *Kirilenko-Ison v. Board of Educ. of Danville*

*Indep. Schs.*, 974 F.3d 652, 660 (6th Cir. 2020) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  To determine whether a genuine dispute exists, it is not the Court's duty to search the record; instead, the parties must bring those facts to the Court's attention.  *See Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996).

The moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the claim or defense at issue.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 & n.12 (6th Cir. 1989); *Chappell v. City of Cleveland*, 584 F. Supp. 2d 974, 988 (N.D. Ohio 2008).  To defeat summary judgment,  the nonmoving party must "set forth specific facts showing there is a genuine issue for trial."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).  The nonmovant "must do more than simply show there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

If a genuine dispute exists, meaning "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment is not appropriate.  *Tokmenko*, 488 F. Supp. 3d at 576 (citing *Anderson*, 477 U.S. at 250).  If, however, "the evidence is merely colorable or is not significantly probative," summary judgment for the movant is proper.  *Id.*  The "mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting Anderson, 477 U.S. at 247–48).

I.      **Summary Judgment Against Mr. and Mrs. Green.**

Evergreen has shown that there are no genuine issues of fact as to any of the

essential elements of its indemnity claim against Mr. and Mrs. Green.  Mr. and Mrs.

Green each signed the general indemnity agreement as individual indemnitors.  And

under that agreement, Mr. and Mrs. Green agreed to:

> [E]xonerate, save harmless, indemnify, and keep indemnified the Surety
> from and against ANY AND ALL LOSS WHATSOEVER, including but
> not limited to all demands, claims, liabilities, costs, charges, fees,
> expenses, suits, orders, judgments, adjudications, and any other Losses
> of whatever nature or kind, which the Surety pays or incurs or for which
> the Surety becomes liable . . .  for any reason whatsoever, including but
> not limited to . . . 1) The completion or fulfillment by the Surety of any
> obligations imposed on the Principal by any Bond or bonded contract;
> . . . [or] 3) The procurement of or attempt to procure a discharge or
> release from any Bond.

(ECF No. 56-1 PageID #672 (emphasis in original).)  Further, the general indemnity

agreement provides that—in any lawsuit or accounting between Evergreen and the

indemnitors—"an itemized statement of Losses sworn to by an officer of the Surety

shall be prima facie evidence of the fact and extent of the liability hereunder of the

Indemnitors to the Surety."  (*Id.*)

Here, Evergreen's Chief Underwriting Officer, Aaron Ort, attests in his

affidavit to each of the losses that Evergreen incurred under the payment and

performance bonds, totaling $1,701,168.52.  Evergreen has met its burden, and the

Greens have foregone their opportunity to show that a genuine issue of material fact

exists.  The Court sees nothing in the record that would otherwise defeat Evergreen's

motion.  Therefore, the Court **GRANTS** Evergreen's motion for summary judgment

and finds that Mr. and Mrs. are liable to Evergreen for $1,701,168.52.

5

## II.     Default Judgment for Damages Against the Third-Party Entities

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgments.  "When a party against whom a judgment for affirmative relief is sought has faulted to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).

After default has been entered, the party seeking relief may apply for a default judgment under Rule 55(b).  "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."  Fed. R. Civ. P. 8(b)(6).  In other words, a default upon well-pleaded allegations establishes defendant's liability, but plaintiff bears the burden of establishing damages.  *Flynn v. People's Choice Home Loan, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).  "Where damages are unliquidated a default admits only the defendant's liability and the amount of damages must be proved."  *Antione*, 66 F.3d at 110.

Because the Court already entered default judgment against the Third-Party Entities as to their liability, it deals only with the issue of damages.  Where a plaintiff alleges damages, the Court must discern whether the alleged damages are reasonable.  Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing" regarding damages.  *Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009).  An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it.  *HICA Educ. Loan Corp. v. Jones*, No. 4:12 CV 962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012).

6

In either instance, the moving party must present some evidence to support of his claim, whether an affidavit or other documentary evidence.  *Id.*

The Court determines that an evidentiary hearing is unnecessary.  The record contains an affidavit from Aaron Ort, attesting to Evergreen's losses under the payment and performance bonds and due under the general indemnity agreement. (ECF No. 56-1.)

The record reflects that Evergreen is entitled to $401,168.52 for payments it made under the payment bond to four of Cocoa Beach Plumbing's suppliers or vendors (*id.*, ¶ 11, PageID #636–37) and $1,300,000 paid to BE&K in a settlement agreement negotiated pursuant to the performance bond (*id.*, ¶ 14, PageID #637).  These figures also track those that BE&K listed in the supplement of incomplete work that it issued to Cocoa Beach Plumbing in 2018.  (*Id.*, PageID #690.)

The Court also finds that these damages are reasonable.  The amount is less than the subcontract's original $2,168,197.00 value, and Ort's affidavit attests that each claim was duly investigated and/or mediated before Evergreen made any payment. (*Id.*, ¶¶ 11 & 14, PageID #636–37.)  Accordingly, the Court determines that Evergreen is entitled to $1,701,168.52 in damages from the Third-Party Entities.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Evergreen' motion for (1) summary judgment against Mr. and Mrs. Green, and (2) default judgment against the Third-Party Entities.  The Court **AWARDS** Evergreen $1,701.168.52 for which

the Third-Party Entities and Douglas and Sheryl Green are jointly and severally liable.

**SO ORDERED.**

Dated:  April 5, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio